IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

DOLI SYARIEF POLUNGAN,

                Defendant.

OPINION AND ORDER

07-cr-144-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Doli Syarief Polungan is a citizen of Indonesia who wanted to purchase a quantity of Leupold Mark 4 CQ/T riflescopes. The manufacturer of the scopes stated on its website that the scopes could not be exported, so defendant came to the United States to try to arrange a domestic purchase and clandestine shipment to Indonesia. His plans were foiled when the first person he approached refused to help him and the second person turned out to be a local law enforcement agent who reported defendant to the FBI. Shortly afterwards, defendant was arrested by FBI agents; in the course of questioning, he made admissions and contradictory statements. He was charged in a two-count indictment with violating the Arms Export Control Act, 22 U.S.C. § 2778, by conspiring to export a "defense article," specifically, the Leupold Mark 4 CQ/T riflescope, and with violating 18 U.S.C. §

1

1001 by making false statements to law enforcement officers. The jury convicted him on the first charge and acquitted him on the second. Defendant has challenged his conviction in motions for judgment of acquittal or in the alternative for a new trial.

In support of his motion for judgment of acquittal, defendant contends that the evidence was insufficient to permit a jury to find that the government had proved that he had reached an agreement with any other person to violate the criminal laws of the United States, that he had the specific intent to commit the charged offense or that the riflescope charged in the indictment was a defense article. I conclude that defendant is wrong; the evidence was sufficient to sustain his conviction.

In support of the motion for a new trial, defendant contends that the court erred in a number of respects. He starts with four allegations of error, all having to do with his assertions that the government should have had to prove that the riflescopes he conspired to export were manufactured to military specifications and he should have been allowed to cross-examine the representative of the Department of State about the basis for the department's determination that the riflescope was manufactured to military specifications. He asserts three additional errors having to do with his belief that the jury should have been instructed that it had to find that he knew not only that he was violating the law against exporting the Leupold riflescopes but, specifically, that he was violating his legal obligation to obtain an export license for the shipment of the scopes. I conclude that no new trial is

necessary.

## BACKGROUND

The applicable statute, 22 U.S.C. § 2278, authorizes the President to control the import and export of "defense articles." The President or his designee is authorized to designate those items considered "defense articles"; the items so designated constitute the United States Munitions List. § 2778(a)(1). Unless otherwise specified by regulations promulgated under subsection (a)(1), no defense articles may be exported without a license. § 2778(a)(1)(B)(2). The designation of an item as a defense article by the President or his designee "shall not be subject to judicial review." § 2778(h).

In a pretrial motion, defendant challenged the § 2778 charge against him as unconstitutionally vague. His theory was that a layperson could not tell from the statute whether it applied only to scopes made for the military or whether it covered scopes made for the general public that happened to meet the specifications of military scopes. As he noted, the Leupold Mark 4 CQ/T scope is offered in standard and certified versions; he could not tell from the indictment whether he was charged with conspiring to purchase the certified scopes rather than the standard ones. Adding to the ambiguity, he pointed out that the United States Munitions List does not set out specific weapons but only categories of weapons. How, he asked, could a person know that a particular item he wanted to export

3

was one included within a particular category defense articles?

This vagueness challenge was the subject of Magistrate Judge Stephen Crocker's April 23, 2008 report recommending denial of defendant's motions to dismiss both counts of the indictment and his motion for a bill of particulars. The magistrate judge considered the possibility that a defendant might purchase and export a riflescope (or other piece of hardware) without knowing that it was manufactured to military specifications and thus violate the law unwittingly. He dispensed with this concern by noting that the law requires *scienter* for conviction; if at defendant's trial, the government could not prove that defendant knew he could not export the particular riflescope, it would be unable to establish its case against defendant. In other words, the *scienter* requirement foreclosed defendant's argument that the Arms Export Control Act was unconstitutionally vague. Any vagueness in the Act works against the government, which can establish a violation of the Act only if it can prove that a defendant acted in contravention of a known legal duty.

The magistrate judge was more sympathetic to defendant's argument that he was entitled to know how the Department of State's Directorate of Defense Trade Controls makes up its list governing the export of "defense articles." Although he denied defendant's request for disclosure of the military specifications that make the Leupold riflescopes defense articles and denied defendant's motion for a bill of particulars, he directed the government to provide defendant the foundation for the testimony of the State Department's witness,

4

specifically information about how the riflescope got on the list and who made the decision to put it there.

This ruling did not satisfy defendant. He objected to the magistrate judge's ruling, renewing his request for information about the particular specifications of the Leupold scope and the corresponding military specifications so that he could decide whether he could challenge the factual conclusions drawn by the government in designating the scope as a defense article. In denying defendant's second request for this information (and adopting the magistrate judge's recommendation to deny defendant's motions to dismiss), I concluded that the only relevant question was whether the scope was on the list of defense articles that could not be exported without a license. In my view, this ruling was required by the provisions of subsection (h) of § 2778, barring the courts from reviewing the designation of any particular item as a defense article. For this reason, at the final pretrial hearing, I granted the government's request to preclude defendant from asking any questions about the propriety of the government's classification of the Leupold scope as a defense article or making any comments on that subject.

## OPINION

### A. Motion for Judgment of Acquittal

In moving for judgment of acquittal, defendant challenges the sufficiency of the

5

evidence introduced by the government to show he was part of a conspiracy, that he had the specific intent to commit the crime and that the Leupold the riflescope is actually a defense article. His challenge fails in all respects.

1. Conspiracy

The government proceeded on the theory that defendant had conspired with one Yusef to export Leupold riflescopes out of the country. Yusef never surfaced at trial, but the government introduced evidence that defendant had admitted to the FBI that he was trying to buy the riflescopes for a person named Yusef, that Yusef lived in Indonesia and that he and Yusef had researched the scopes and printed materials off the internet about the Leupold riflescopes (including the information that the scopes could not be exported). Corroborating defendant's admission, the government introduced evidence in the form of text messages among defendant, Yusef and a third person named Johann in which defendant described to them the steps he was taking to procure the riflescopes. This evidence was sufficient to allow the jury to find the existence of a conspiracy.

Defendant argues that the government failed to show that he and Yusef reached agreement about the price or the final destination and use of the scopes once they reached Indonesia. He is right, but neither of these missing bits of information is necessary to prove that the two men had agreed to work together to buy and export the scopes.

2. Specific intent

The Arms Export Control Act makes it a crime to willfully violate any provision of the Act. § 2778(c). The jury was given the standard Seventh Circuit instruction on the term willfully as meaning "that the defendant acted voluntarily and intentionally and with the intent to do something the law forbids." In addition, it was instructed that "the government must prove beyond a reasonable doubt that the defendant knew that it was unlawful to export the riflescopes. Jury Instructions, dkt. #83, at 6.

The government proved willfulness by introducing the following evidence:

- Defendant's possession of materials from the internet that described the Leupold Mark 4 CQ/T riflescope and warned that the scope could not be exported.

- Testimony from Louie Volovic, a Wisconsin resident, that defendant had asked him to order the scopes off the website for shipment to Vulovic's home, where they would stay until they could be shipped overseas, and had asked Volovic not to tell the seller the scopes were for shipment to Indonesia.

- Evidence that when the Vulovic plan did not work out, defendant approached another Wisconsin resident, Steven Kazick, about purchasing the scopes for him and shipping them overseas.

7

- Evidence that defendant offered Kazick $30,000 more than the price of the scopes for his assistance.

- Evidence that defendant was experienced in the import/export business.

- Evidence that defendant told the FBI after his arrest that Indonesians in his business needed a licence for importing and that he had no license to import weapons or to export anything out of the United States.

All of this was more than sufficient to prove the requisite specific intent.

3. Proof that riflescope was defense article

Defendant's final contention is that the government failed to prove that the riflescope charged in the indictment was a defense article. To the extent that this argument depends on the challenges defendant has made in his motion for a new trial, I will address those challenges in the discussion of defendant's motion for a new trial.

The question relevant to the motion for judgment of acquittal is whether the government introduced enough evidence at trial to allow the jury to find beyond a reasonable doubt that the Leupold rifslescopes were defense articles. To prove this element, the government called a representative of the Department of State, who testified that the riflescope was manufactured to military specifications and that it had been designed as a defense article since 2003 under category 1(f) on the Munitions List. The representative

8

produced an official certification from the Secretary of State that the riflescope in question was a defense article on the United States Munitions List. From this testimony, the jury could have found beyond a reasonable doubt that the Leupold Mark 4 CQ/T was a defense article within the meaning of § 2778.

I conclude therefore that defendant has failed to show any reason why his motion for judgment of acquittal should be granted.

### B. Motion for New Trial

#### 1. Designation of defense articles

Defendant challenges the rulings made before and during trial limiting his ability to make the government prove that the Leupold scopes he sought to buy were defense articles under § 2778. He contends that the rulings rest on a misreading of the statutory bar. He does not deny that the President or his designee has the unreviewable discretion to determine the contents of the Munitions List; he concedes that he cannot challenge the designation of "riflescopes manufactured to military specifications" on the list. Rather, he argues, because the Munitions List contains only categories of weapons, such as "riflescopes manufactured to military specifications," he should be able to question the State Department's witness about how and whether the Directorate determined that the Leupold Mark 4 CQ/T was in fact a riflescope manufactured to military specifications and therefore

9

an item covered by the Munitions List.

Keying off my statement in the April 29, 2008 order that the reasons for a particular riflescope's inclusion on the Munitions List are no more relevant to defendant's guilt than the reasons for the criminalization of cocaine are to the defense of an accused drug dealer, defendant argues that just as an accused cocaine dealer should be able to put the government to its proof that the substance in question is cocaine, he should be permitted to put the government to its proof that the Leupold scope was in fact at riflescope built to military specifications and therefore a defense article. In defendant's opinion, such a challenge is distinct from a prohibited challenge either to the regulation itself or to the determination that riflescopes manufactured to military specifications are "defense articles."

Defendant's argument falls short in two respects. First, § 2778(h) forbids inquiry into the designation of defense articles. The reasonable reading of this provision is that it extends to the Directorate of Defense Trade Controls' determination that specific items fall within a specific category of defense articles in the Munitions List. It would be odd to forbid the federal courts from reviewing the propriety of classifying a general category of weaponry as defense articles but allow the courts to review the designation of any individual weapon that the Directorate has placed within that category. Such a reading would be particularly improbable when one considers that judicial review of the kind defendant wants would entail the disclosure of military specifications in a public forum. It is not plausible that Congress

10

intended to allow either federal courts or federal juries to analyze classified military specifications. Yet that is what would be required to review a determination by the Directorate that a particular weapon falls into a category covered in the Munitions List.

Second, defendant characterizes his challenge as one based on due process, but fails to explain what aspect of due process he was denied by this court's orders restricting his ability to challenge the government's assertion that the Leupold scope is a defense article. The government's evidence was sufficient to permit a jury to find beyond a reasonable doubt that defendant knew that the Leupold scope he was trying to buy was not legally exportable. What more did he need in the way of notice? As I have explained, this was not a case in which a naive buyer purchases a riflescope for hunting or target practice, not knowing that it is a military item included on the Munitions List; it was not a case in which there was any question about the legal status of the particular riflescope defendant conspired to buy; and it was not a case in which defendant thought he was buying something other than a Leupold Mark 4 CQ/T riflescope manufactured to military specifications.

2. Defendant's knowledge

Little need be said about defendants' contentions that the jury should have been instructed that it had to find he the exact legal reason why he could not export the riflescopes legally. All the government had to prove was that defendant knew it was illegal

11

to export the riflescopes. It was irrelevant whether he knew that export was illegal because he did not have the required license (which was true) or because an embargo was in effect (which was what he believed and which had been true but was no longer). Defendant's motion for a new trial will be denied in its entirety.

## ORDER

IT IS ORDERED that defendant Doli Syarief Polungan's motions for judgment of acquittal and for a new trial are DENIED.

Entered this 2d day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge